250

## CARNEY, Plaintiff-Appellant v. W. S. HOLCOMB & COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3389. Decided May 4, 1943.

Pealer & Tuttle, Columbus, for plaintiff-appellant.
Siegel & Siegel, Cleveland, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from the judgment of the court below in favor of the defendant-appellee.

The plaintiff below alleges that on the first of April, 1938. he and the defendant presented their mutual accounts to each other and it was then found and determined that there was due from the de-, fendant to the plaintiff the sum of $5066.00, which sum defendant agreed to pay plaintiff, but that no part thereof has been paid, and judgment is asked in that amount. To this petition an answer was filed by the defendant, denying that there is due plaintiff the sum alleged. and for further answer by way of affirmative relief the defendant states that for a valuable consideration paid to the plaintiff, under date of August 5, 1938. that the plaintiff did release, remise and forever quitclaim any and all claims which said plaintiff may have had against the defendant, and by way of further answer

the defendant denies all other allegations.

The cause was tried to the court, a jury being waived, and at the conclusion of all the evidence the court, on the issues joined, found in favor of the defendant and entered judgment in favor of the defendant and against plaintiff.

The plaintiff filed his motion for a new trial within proper time, stating as grounds for said motion:

(1) That the verdict was not sustained by sufficient evidence.

(2) That the same is contrary to the evidence.

(3) That the court erred in the exclusion and admission of testimony.

(4) Other errors.

After said motion was overruled the Court entered final judgment, stating, "The court finds from the evidence adduced that the claim of the plaintiff was one for unliquidated damages and that the so-called release introduced in evidence by the defendant constituted an accord and satisfaction of the claim of the plaintiff." Judgment was, therefore, rendered on the findings of the court for the defendant.

Plaintiff was a stockholder, director and general manager of the American Securities Company from the fall of 1937 to April 1, 1938, when the name was changed to W. S. Holcomb & Company, a corporation. Thereupon the plaintiff resigned his position with the defendant and the parties drew up and filed with the Department of Securities an account which is the basis of the action. Prior to the preparing of this account neither plaintiff nor defendant knew the amount, if any, due to the plaintiff, and it is claimed to have been agreed that the account should be prepared by the bookkeeper and submitted to the parties. Plaintiff's Exhibit 1, being page 5 of a statement made by the bookkeeper under designation of Schedule "C", sets out obligations of the defendant company, among them, "Due Edward T. Carney, $5066.00". This was certified to by Mr. Holcomb, the President of the defendant corporation, as being correct, and as stated, is the foundation of the action.

We have scarcely ever had called to our attention such an unsatisfactory state of the evidence in relation to a claim of considerable size. It appears that Carney had had dealings with the Company through which the Company was indebted to him, but no one seemed to know the amount of such indebtedness and no books were kept, the entire transaction being shown by checks and check stubs and other items from which the bookkeeper made up and presented the sum indicated as being the amount due from the corporation to the plaintiff. Holcomb frankly states that he signed the certificate that this amount was correct, but states that he did not read it and did not know its contents and when it was later called to his attention that there was that amount due from the company to Carney, that he promptly denied it. The parties to this action hold themselves out as business men, but the method in which they conducted their business does not commend itself to our approval. It

appears from the evidence that after this account had been certified by Holcomb as being correct, there was no time in which the parties actually agreed that it was a correct exhibition of the amount due from the corporation to Carney. The corporation was chiefly active in selling stock of a brewing company, and the testimony is to the effect that the stock was of no value. If we were required to decide this matter upon the evidence of the plaintiff supporting the allegation of the petition, we might be inclined to hold that the plaintiff had presented sufficient evidence to support the judgment, and that the parties had agreed upon the amount due from the defendant to the plaintiff, but evidence is introduced to the effect that after this statement was made up by the bookkeeper the plaintiff released all claims which the plaintiff may have had against the defendant. This appears to be supported by Plaintiff's Exhibit "C", which is as follows: "For value received, I hereby release, remise and forever quitclaim any and all claims which I may have against W. S. Holcomb & Company, especially a claim for $5060.00." Signed, "Edward T. Carney", and witnessed. The release is written upon the letterhead of W. S. Holcomb & Company, Investment Securities. The evidence touching the same was that the plaintiff stated that he was in need of money, and thereupon the defendant agreed to pay him $200.00 for a total release of the $5066.00 claim, and the evidence indicates that the same was actually paid in cash in four fifty-dollar bills, to which the secretary of the plaintiff testified. The plaintiff, however, testifies that no money ever passed for said release and that it was not intended that it should act as a release save as it might permit the company to make a better financial statement for the Securities Department.

There was also evidence that the brewing company which was interested in the transaction by virtue of this company selling its stock, would assume and pay the obligation to Carney, but this is denied by the officers of that company and we see no reason to doubt their statement. We gather from the entire testimony that the transaction between these parties was exceedingly nebulous and the value of any claim against the corporation was very doubtful; that Carney was in need of money and knowing that his claim was of doubtful value, he agreed to accept and did as a matter of fact accept the $200.00, thereby releasing his claim for whatever it may have been against the defendant.

The reputation of neither the plaintiff nor the president of the Holcomb Company commends their statement to the consideration of this Court. We agree with the court in his finding from the evidence that the claim of the plaintiff was for unliquidated damages and that the release constituted an accord and satisfaction, and that the judgment in favor of the defendant was supported by the evidence.

Judgment affirmed.

BARNES, P. J., and HORNBECK, J., concur.